**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE LUIS MORA-FRAGA, | No. 20-72732 |
| Petitioner, | Agency No. A089-111-597 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2021**
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and HUCK,*** District Judge.

Jorge Luis Mora-Fraga seeks review of a Board of Immigration Appeals

(BIA) decision dismissing his appeal of the Immigration Judge's (IJ) order denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

cancellation, withholding of removal, and relief under the Convention Against Torture (CAT). We review factual findings for substantial evidence and due process claims and legal questions de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Mora-Fraga argues that the BIA ignored some of his arguments and that both the BIA and the IJ ignored record evidence. Although the BIA did not expressly discuss each of Mora-Fraga's arguments, it satisfied the requirement to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004). As to the record evidence, we "presume[] that the [agency] thoroughly considers all relevant evidence in the record" unless there is an indication to the contrary—and here there is none. *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019); *see also Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence.").

Mora-Fraga also argues that the agency committed legal error by giving limited weight to the expert report and by not hearing the expert's testimony. The agency offered a specific and legitimate explanation for giving limited weight to

the report: it contained "conclusory statements without citations to any supporting authority." Mora-Fraga's attempt to analogize this to *Castillo v. Barr* is unavailing because faulting a report for not finding support *in the record* (as in *Castillo*) is materially different than faulting a report for not citing sufficient supporting authority in general (as occurred here). 980 F.3d 1278, 1284 (9th Cir. 2020). Contrary to Mora-Fraga's claim, the IJ was willing to hear testimony from the expert, but Mora-Fraga, through counsel, did not seek to introduce the expert's testimony and agreed at the conclusion of the hearing that he had no further testimony to present.

The absence of legal error as to the consideration of arguments, evidence, and the expert testimony defeats Mora-Fraga's challenge to the agency's government protection analysis, and in turn defeats his challenge to the denial of withholding of removal. *See Velasquez-Gaspar v Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020) (holding that withholding of removal turns on whether government would have been unable or unwilling to protect the applicant). Because Mora-Fraga also relies on these alleged errors to challenge the denial of CAT protection and the denial of discretionary cancellation of removal, those claims fail as well.

**PETITION DENIED.**[1]

---

[1] Mora-Fraga's motion for stay of removal (Dkt. No. 5) is denied as moot.